# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case 5:16-CR-00081-VEH-TMP** |
| ) | |
| **GREGORY JEROME LEE** ) | |
| ) | |
| **Defendant.** ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, and pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3509(d)(3), it is hereby ORDERED:

1. All of the materials that disclose the identity of any minors, to include any alleged victims who were minors at the time of the alleged offense, provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the defendant and the defendant's counsel and their employees and/or agents solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendant and the defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials, so long as all Protected Information has been redacted, as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Specifically, the defendant's counsel shall keep all documents that disclose the name or any information concerning a child in a secure place to which no person who does not have reason to know their contents has access. The defendant's counsel agrees not to allow the defendant to copy or retain any photographs of the victims in this case. The defendant's contact with any discovery containing personal information of victims or their likeness will be limited to the defendant's review in the presence of the defendant's counsel or their employees and/or agents.

It is FURTHER ORDERED:

4. All papers filed in court that disclose the name or any other information concerning a child shall be filed under seal without necessity of

obtaining a court order, and the person who makes the filing shall submit to the clerk of the court –

    a.    the complete paper to be kept under seal; and

    b.    the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

    5.    Counsel for the government and counsel for the defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed *in camera*.

    It is FURTHER ORDERED:

    6.    The parties and the witnesses shall not disclose the names of any alleged minor victims or witnesses, to include any alleged victims who were minors at the time of the alleged offense, (collectively "the minors") at pre-trial proceedings and in pre-trial filings. Throughout pre-trial proceedings and in any pre-trial filings, the alleged victims shall be referred to as the initials "MC1," "MC2," "MC3," and "MC4," respectively, as they are referred to in the Indictment. The parties shall prepare their witnesses and instruct them to refer to the minors only by the initials "MC1," "MC2," "MC3," and "MC4," respectively.

    7.    The defendant, the defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the

materials for use in connection with this case by the defendant, the defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

8. The defendant, the defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

9. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order. Receipt of such materials by any authorized person shall be treated as consent and submission by such person to the jurisdiction of the court for purposes of enforcement of this Protective Order. Furthermore, in the event that the defendant substitutes counsel, Defense Counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order or until the Court modifies this Order regarding such transfer of discovery.

10. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the

disposition of any such materials. This Protective Order shall survive the termination of this case for purposes of enforcement of its provisions.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 1, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

SIGNED this 26th day of April 2016.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE