IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ] | |
| | ] | |
| vs. | ] | Case No. 5:16-cr-081-VEH-TMP |
| | ] | |
| GREGORY JEROME LEE, | ] | |
| | ] | |
| DEFENDANT. | ] | |

## UNOPPOSED MOTION TO DECLARE CASE COMPLEX

Comes now the Gregory Jerome Lee, by and through his attorney, and moves this Court for an order designating this case complex and to remove this case from the standard scheduling order. In support of said Motion, counsel states as follows:

1.  Mr. Lee is charged in a six count indictment that includes charges of production of child pornography, conspiracy to advertise child pornography, and conspiracy to distribute and receive child pornography that covers a period from September 30, 1996 to August 16, 2007. Mr. Lee has been in state custody since approximately 2007. The indictment alleges behavior that took place up to 20 years ago.

2.  The Government has informed counsel that Mr. Lee's case is related to a case in the Southern District of Indiana involving 11 defendants. Nine of those defendants entered guilty pleas and 2 went to trial. The initial research indicates that there may be related cases in other states and countries. The Government has indicated the discovery is voluminous with "tons" of images and videos, thousands of pages of internet chats, and at least 4 or 5 forensic evaluations on various electronic/computer devices. Due to a discovery issue, one disc of discovery had to be returned to the Government and a replacement disc has not been received. The discovery is this case is voluminous and the nature of the discovery/evidence requires that Defense Counsel have sufficient time to consult with a computer forensic expert to review discovery, forensic reports, and make its own independent examination of the seized items. Without the benefit of complete discovery, Defense Counsel is not in a position to review, evaluate, and determine what motions are necessary to provide Mr. Lee

with a constitutionally adequate defense.  In addition, defense counsel must investigate allegations some of which occurred almost 20 years ago which in itself is difficult and time consuming and cannot be done on the current scheduling order.

3.      The current scheduling order for pretrial motions.  That deadline is not feasible in this case due to the complex nature of the evidence and the volume of evidence.  Indeed, the Defendant has not received complete discovery.  Without an extension of time to review and prepare, Defense Counsel can not meet his obligation to provide Mr. Lee with the constitutional rights and protections afforded an accused in a criminal case.  (a defendant must have "sufficient time within which to prepare a defense", *Gandy v. Alabama,* 569 F.2d. 1318 (5th Cir. 1978); *See also,* *Ungar v. Sarafite,* 376 U.S. 575, 589-91, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

4.      The Government does not oppose this case being declared complex.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

**/s/Rick L. Burgess**
RICK L. BURGESS
SENIOR LITIGATOR
Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
Rick_Burgess@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

**/s/Rick Burgess**