**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>**

**FILED**

JAN −5 2017

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CASE NO. 5:16-CR-81-VEH-TMP** |
| ) | |
| **GREGORY JEROME LEE** ) | |
| **a/k/a Chasefox** ) | |
| **a/k/a Foxy C** ) | |

<u>**PLEA AGREEMENT**</u>

The government and **GREGORY JEROME LEE**, the defendant, hereby acknowledge the following plea agreement in this case:

<u>**PLEA**</u>

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO, THREE AND FOUR** of the Indictment filed in the above numbered and captioned matter; (ii) consent to an order of forfeiture as described below; and (iii) pay restitution as determined by the court, if applicable. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNTS FIVE AND SIX** of the Indictment at the time of sentencing, subject to the conditions in sections **III(g), VII,** and **VIII**.

Defendant's Initials

## <u>TERMS OF THE AGREEMENT</u>

### I. <u>MAXIMUM PUNISHMENT</u>

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a) and (d), as charged in **COUNTS ONE THROUGH FOUR** is:

     a.    Imprisonment for not more than 20 years, but a statutory minimum of 10 years imprisonment, per count;

     b.    A fine of not more than $250,000, per count; or,

     c.    Both (a and b);

     d.    Supervised release of not less than 3 years, and,

     e.    Special Assessment Fee of $100 per count.

### II. <u>FACTUAL BASIS FOR PLEA</u>

The United States would be prepared to prove the following facts beyond a reasonable doubt at the trial of this case:

The defendant, GREGORY JEROME LEE, is a native and citizen of the United States, born on or about June 23, 1962.

Beginning on or about September 30, 1996, and continuing for over a decade, until on or about August 16, 2007, the defendant, GREGORY JEROME LEE, and unindicted co-conspirators known and unknown, were involved in the operation of Internet Relay Chat ("IRC") channels that they used to gather in secret, password-protected, chat rooms to discuss their sexual interest in minors and the real-life sexual abuse of children being perpetrated by several group

Defendant's Initials _____

members.  Group members utilized nicknames when communicating with each other; often utilizing the same or similar nicknames for long periods of time. This allowed group members to recognize each other through the consistent use of these nicknames.  The defendant, GREGORY JEROME LEE, participated in these IRC channels using nicknames, including "Chasefox", "Foxy-C", and "FoxyHOME". In the IRC channels, the defendant, GREGORY JEROME LEE, would discuss the hands-on sexual abuse of several children that he was engaging in on a regular basis.

These IRC channels were dedicated to the advertisement, distribution, receipt and possession of child pornography.  It was common for users to make comments inside these chat rooms seeking specific images and videos of child pornography, or to offer to distribute certain portions of their child pornography collections to other group members.  The defendant, GREGORY JEROME LEE, and other group members shared portions of their child pornography collections by sending Direct Client-to-Client ("DCC") file transfers within the IRC client software to other group members.  However, as this method for sharing files was slow and tedious, the defendant, GREGORY JEROME LEE, as well as other group members, also shared portions of their massive collections of child pornography by installing, configuring, and running File Transfer Protocol ("FTP") servers accessible to other group members.  Between the late 1990s and the time of defendant GREGORY JEROME LEE's arrest, terabytes of child pornography were trafficked through the group in this fashion.

Pursuant to federal search warrants, computers and other electronic media were seized from the home of several of the group members. Subsequent forensic analysis of this digital media revealed that defendant, GREGORY JEROME LEE, sexually abused at least seven different minors and that he frequently produced images and videos depicting his sexual exploitation of these children. Furthermore, the analysis revealed that several group members possessed and maintained large collections of child pornography, which included images and videos produced by defendant, GREGORY JEROME LEE, that depict his seven known victims.

Minor Child 1 ("MC1"), a prepubescent child, frequently visited the defendant's home, located in Cullman County in the Northern District of Alabama. Between September 30, 1996, and December 31, 2003, the defendant sexually abused MC1 on numerous occasions. The defendant, GREGORY JEROME LEE, would record these instances of abuse, using either a tripod and video camera or a

Defendant's Initials

hand-held camera.  In this fashion, the defendant created images and videos which depict him fully naked, lying in bed next to MC1.  The defendant, GREGORY JEROME LEE, produced images and videos that show him touching MC1's genitals with his hand, placing his mouth on MC1's genitals and directing MC1 to place his penis in MC1's mouth.  The defendant, GREGORY JEROME LEE, detailed his ongoing sexual abuse of MC1 in stories he wrote and distributed to other group members.  Furthermore, the defendant, GREGORY JEROME LEE, distributed these images and videos to other members of the group who resided across the United States, including in the state of California.

Minor Child 2 ("MC2"), a prepubescent child, frequently visited the defendant's home, located in Cullman County in the Northern District of Alabama.  Between September 30, 1996, and December 31, 2003, the defendant sexually abused MC2 on numerous occasions.  The defendant, GREGORY JEROME LEE, used various recording devices to create images and videos that depict the defendant touching MC2's genitals with his hand and placing his mouth on MC2's genitals.  The defendant, GREGORY JEROME LEE, distributed these images and videos to other members of the group who resided across the United States, including in the state of Indiana.

Minor Child 3 ("MC3"), a prepubescent child, frequently visited the defendant's home, located in Cullman County in the Northern District of Alabama.  Between September 30, 1996, and December 31, 2003, the defendant sexually abused MC3 on numerous occasions.  The defendant, GREGORY JEROME LEE, used a video camera and a Polaroid camera to record videos and images which depict the defendant touching MC3's genitals with his hand and placing his mouth on MC3's genitals.  The defendant, GREGORY JEROME LEE, distributed these images and videos to other members of the group who resided across the United States, including in the state of Virginia.

Minor Child 4 ("MC4"), a prepubescent child, frequently visited the defendant's home, located in Cullman County in the Northern District of Alabama.  Between January 1, 2001, and December 31, 2004, the defendant sexually abused MC4 on numerous occasions.  The defendant, GREGORY JEROME LEE, used various recording devices to create videos and images which depict the defendant, fully naked, wrestling with MC4 on a bed, touching the child's genitals with his hands, and placing his mouth on MC4's genitals.  The defendant, GREGORY JEROME LEE, often discussed his frequent sexual abuse of MC4 in chatrooms with other group members.  Furthermore, the defendant, GREGORY JEROME

Defendant's Initials

LEE, distributed these images and videos to other members of the group who resided across the United States, including in the state of Virginia.

Between September 30, 1996, and December 31, 2004, the defendant, GREGORY JEROME LEE, also sexual abused Minor Child 5 ("MC5"), Minor Child 6 ("MC6"), and Minor Child 7 ("MC7"), each a prepubescent child, at various locations in Cullman County, in the Northern District of Alabama. The defendant, GREGORY JEROME LEE, used various recording devices to create images and videos that depict these minors engaging in sexually explicit conduct. The defendant, GREGORY JEROME LEE, set up a video camera on a tripod to create a visual recording of himself removing MC5's clothes, kissing the child on the mouth, and touching the child's genitals with his hand. Furthermore, the defendant, GREGORY JEROME LEE, used a hand-held camera to create images depicting himself placing his penis near MC5's mouth, while MC5 was lying on a bed. The defendant, GREGORY JEROME LEE, used a hand-held camera to create images that depict MC6 fully nude. In several of these images, MC6's genitals are visible and appear to be the focal point of the image. Furthermore, the defendant, GREGORY JEROME LEE, used a video camera to create a visual recording depicting him grabbing MC7's shorts. The defendant, GREGORY JEROME LEE, is shown in the video pulling MC7's shorts up until the child's genitals are exposed. The defendant, GREGORY JEROME LEE, distributed these images and videos depicting MC5, MC6, and MC7 to other members of the group who resided across the United States, including in the states of California, Illinois, Indiana, and Virginia.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

**Gregory Jerome Lee,**
**The defendant**

Defendant's Initials

## III. <u>RECOMMENDED SENTENCE</u>

1.      Subject to the limitations in section **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), <u>Fed. R. Crim. P.</u>, the Government will recommend the following disposition:

(a)      The Government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  The Government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty.  The Government may oppose *any* adjustment for acceptance of responsibility if the defendant:  (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about his involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw his plea of guilty for any reason other than those expressly

Defendant's Initials

enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this plea agreement;

(b)      That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guidelines range as that is determined by the Court on the date that the sentence is pronounced, and after both parties have had full right of allocution;

(c)      That following the said term of imprisonment, the defendant be placed on supervised release for a period up to five years, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

1.      That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

2.      That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer.  This includes prohibiting the defendant from having any contact with any child by telephone or the internet.   The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3.      That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph,

Defendant's Initials

and plethysmography testing at the direction of the Probation Officer;

4.      That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program.   The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

5.      That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school.   The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

6.      That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment.  If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals.  This may require temporary removal of the equipment for a more thorough inspection.  The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

Defendant's Initials _____

(d)       That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e)       That the defendant be required to pay restitution as recommended by the Government, and as ordered by the Court on the date sentence is pronounced;

(f)       That the defendant pay a special assessment fee of $400, said amount due and owing as of the date sentence is pronounced; and,

(g)       Should the Government learn that the defendant has sexually abused or assaulted any other minor, or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I, Gregory Jerome Lee, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the**

Defendant's Initials

right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)   Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and,

(c)   Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

Defendant's Initials

   **I, Gregory Jerome Lee, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_____

**Gregory Jerome Lee,
The defendant**

## V.  UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are advisory in nature.   Sentencing is in the Court's discretion and is no longer required to be within the guideline range.   The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the Government's recommendation.  Further,

Defendant's Initials

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID.  In that event, the government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII.  <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in section III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX.  <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or

Defendant's Initials _____

local authority.

## X. <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. <u>AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION</u>

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the

Defendant's Initials _____

crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. The Defendant agrees and stipulates that for the purposes of restitution pursuant to 18 U.S.C. §§ 2259 and 3663A, in addition to the victims known as MC1, MC2, MC3, and MC4, named in the counts of conviction, the victims MC5, MC6, and MC7, named in this agreement, shall be entitled to claim restitution, as if they had been named in the counts of conviction. The parties reserve the right to present evidence and arguments concerning the amount, if any, and payment terms of any restitution claims made by MC1 through MC7. Furthermore, the Defendant agrees and stipulates that for the purposes of crime victim rights pursuant to 18 U.S.C. § 3771(e), in addition to the victims named in the counts of conviction, the victims MC 5, MC6, and MC7, named in this agreement, shall have the rights of a crime victim as set forth in 18 U.S.C. § 3771(a), as if they had been named in the counts of conviction.

## XII.  <u>TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS</u>

Unless otherwise specified herein, the defendant**, Gregory Jerome Lee,** understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's tax liabilities,

Defendant's Initials

if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to forfeit to the government all of the defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant agrees to forfeit all interests in any asset used, in any way, to facilitate the offense to which he has pleaded guilty in this case, including but not limited to the following specific property: any visual depictions of MC 1 through MC 7; all CD-Rs and/or video tapes containing hidden camera video images of children using the bathroom; one Composition Notebook (4 1/2" x 3 1/4" pages) by

Defendant's Initials

Bridge Port; one Western Digital 9.1 GB Single-ended Ultra Fast Wide SCSI-3 Interface WD Enterprise Hard Drive: WD Model Number - WDE9100-0007A6; WD Serial Number - WS7020138595; WD Manufacture Date - 15/May/1999.

The defendant agrees to consent to the immediate entry of orders of forfeiture for this property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the government to pass clear title to forfeitable assets to the government, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

Defendant's Initials

## Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## Immigration

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including any attorney or the district court, can predict to a certainty the effect of conviction on immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration

Defendant's Initials _____

consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII. <u>SEX OFFENDER REGISTRATION</u>

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code 15-20A-1, et seq., 13A-11-200, et seq., and other relevant

Defendant's Initials

Alabama law, which includes a registration requirement after a plea or finding of guilt.  The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of twenty-one **(21)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case.  I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____ *N/A* _____

I understand that this Plea Agreement will take effect and will be binding as

Defendant's Initials _____

to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

12·6·16
DATE

**Gregory Jerome Lee,**
**The defendant**

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client, **Gregory Jerome Lee**, in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

12/6/16
/DATE

Rick Burgess
Defendant's Counsel

Defendant's Initials

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

1/4/17
DATE

DANIEL J. FORTUNE
Assistant United States Attorney

Defendant's Initials