# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Case No. 5:16-cr-00081-VEH-TMP |
| ) | |
| **GREGORY JEROME LEE** ) | |
| **Also known as Chasefox,** ) | |
| **Also known as Foxy-C** ) | |

## GOVERNMENT RESPONSE
## TO THE DEFENDANT'S SENTENCING OBJECTIONS

The United States of America, by and through its undersigned attorney, Trial Attorney Ralph Paradiso, submits the following Response to Defendant's Objection to Pre-Sentence Investigation Report ("PSR") in the above-captioned matter.  The Government respectfully submits that the Defendant's sentence is properly calculated and appropriate and would show the Court the following in response to the Defendant's objections:

**Objection 1 Should Be Denied Where Defendant Threatened to Sexually Abuse Minor Child #3's Younger Brother to Force Minor Child #3 to Engage in Illicit Sexual Acts with the Defendant.**

The Defendant objects to paragraph 34 of the PSR which states that Minor Child #3 informed the Probation Officer that the Defendant threatened to harm Minor Child #3's younger brother if Minor Child #3 did not engage in illicit sexual acts with the Defendant.   It is noted that the Defendant has offered no evidence to support his factual version of events. The Defendant argues that he never

1

threatened Minor Child #3, however, the facts show otherwise.

As noted in PSR ¶ 34, the Probation Officer spoke to Minor Child #3 on March 8, 2017, and Minor Child #3 informed the Probation Officer that the Defendant had threatened him to force him to have sex with the Defendant. Minor Child #3's statement to the Probation Officer is consistent with Minor Child #3's prior statement to law enforcement investigators on July 30, 2015.  In that statement, Minor Child # 3 stated that if he ever tried to refuse the Defendant's sexual demands, the Defendant would threaten him by telling him that if he did not comply with the Defendant's sexual demands the Defendant would go get his younger brother and have sex with Minor #3's younger brother.  To protect his younger brother, Minor Child #3 acceded the Defendant's demands.

Minor Child #3's recollection of the Defendant using threats to coerce and/or force him to engage in illicit sexual acts with the Defendant is consistent with statements made by some of the Defendant's other victims.  Minor Child #1 stated that the Defendant threatened to kill her and/or her mother if she did not allow the Defendant to sexually abuse her.  Minor Child #6 also stated that the Defendant threatened to kill his mother if he did not obey the Defendant's demands and allow the Defendant to sexually abuse him.  Additionally, one of the Victim's in the Defendant's state case (outlined in PSR ¶ 119) stated that the Defendant became angry at him and threatened to cut that victim's throat for rebuffing the

Defendant's sexual advances.  As all of these victims have shown, the Defendant routinely used threats of harm and/or violence to the victims or their loved ones, to force the victims to comply with the Defendant's sexual abuse.  Minor Child #3's recollection of the Defendant using threats so the Defendant could sexually abuse him is consistent with the other victims in this case.

Even if the Court were to agree with the Defendant and find that the threats to Minor Child #3 did not occur, the facts regarding the threat were not used to calculate the Defendant's proposed or recommended sentence and do not change the Defendant's criminal history.  Therefore, the Defendant's objection should be denied.

**Objection 2 Should Be Denied Where Defendant Threatened Minor Child #6 to Force Minor Child #6 to Engage in Illegal Sexual Acts with the Defendant.**

The Defendant objects to paragraph 37 of the PSR which states that the Defendant threatened physical harm to Minor Child #6's mother if the child told anyone that the Defendant sexually abused him.  It is noted that the Defendant has offered no evidence to support his factual version of events.  The Defendant argues that he never threatened Minor #6's mother, however, the facts show otherwise.

On April 6, 2017, Minor Child #6 was interviewed by law enforcement officers.  During this interview, Minor Child #6 stated that every time he stayed at

the Defendant's home, the Defendant engaged in oral sex with Minor Child #6 and the Defendant anally penetrated him. After each sexual assault, the Defendant would threaten Minor Child #6 by telling him that if he reported the sexual assault to anyone the Defendant would kill him and/or his mother.

As noted in the Government's response to Defense Objection #1, Minor Child #6's recollection of the Defendant using threats to force Minor Child #6 to perform sexual acts with the Defendant is consistent with the recollections of Minor Child #1, Minor Child #3 and the Victim in the Defendant's state case (PSR ¶119). These victims all described how the Defendant used threats of violence against the victims and/or the victim's family to force the minor children to engage in sexual acts with him. Threatening victims or their families was the Defendant's modus operandi to force reluctant victims to his will so he could sexually abuse them.

Even if the Court were to agree with the Defendant and find that the threats to Minor Child #6 did not occur, the facts regarding the threat were not used to calculate the Defendant's proposed or recommended sentence and do not change the Defendant's criminal history. Therefore, the Defendant's objection should be denied.

### Objection 3 Should Be Denied Where Defendant Sexually Abused More Than One Female Child.

In his objections to the PSR, Defendant argues that paragraph 84 is incorrect

4

because the Defendant only sexually abused one female child – Minor Child #1. Defendant denies that he abused more than one female victim, however, the evidence shows otherwise.

On February 24, 2017, law enforcement officers interviewed an Uncharged Victim in relation to the case against the Defendant.  During that interview, the Uncharged Victim informed law enforcement officers that the Defendant sexually abused her when she stayed at the Defendant's home when she was approximately 5 or 6 years old.  She recalled that she was asleep and woke up to discover the Defendant's hands under her clothing where he was digitally penetrating her genitalia.  She also recalls seeing a video camera trained on her and the camera being on. She stated that she only spent one night at the Defendant's home.  Her recollection of the method in which the Defendant sexually abused her is consistent with the recollection of the other victims in this case.

Even if the Court were to agree with the Defendant and find that the Defendant only abused one female victim, the facts regarding the Uncharged Victim were not used to calculate the Defendant's proposed or recommended sentence and do not change the Defendant's criminal history.  Therefore, the Defendant's objection should be denied.

### Objection 4 Should Be Denied Where the Defendant's Criminal History Is Properly Calculated.

Defendant objects to PSR paragraphs 121 and 123 that outline his criminal

5

history computation where 4 points were added for worthless check convictions that occurred in 2001 and 2002. Specifically, the PSR awarded the Defendant one (1) point for each conviction that occurred on June 18, 2001 (PSR ¶ 91), October 1, 2001 (PSR ¶98), February 5, 2002 (PSR ¶97), and April 29, 2002 (PSR ¶106) ("2001 and 2002 convictions"). The Defendant argues that these points over represent his criminal history and should be excluded. However, based on the date of the convictions and his charged offense, these points have been properly calculated.

The Sentencing Guidelines have been written to ensure that remote criminal convictions are not counted when calculating a Defendant's criminal history. *See* U.S.S.G. §4A1.1. "Any prior sentence that was imposed within ten years of the defendant's commencement of the instant offence is counted." U.S.S.G. §4A1.2 (e) (2). The convictions that were counted against the Defendant occurred in 2001 and 2002 and are not "more than ten years prior to the defendant's commencement of the instant offense." *See* U.S.S.G. §4A1.1, Commentary, Note 3.

Though the Defendant was indicted in this case on March 30, 2016, the crimes that the Defendant has pled guilty to and being sentence on occurred between on or about September 30, 1996 and December 31, 2003 for Counts 1-3, and between on or about January 1, 2001 and December 31, 2004 for Count 4. The criminal convictions that the Defendant would ask the Court to exclude, which

occurred in 2001 and 2002, all occurred within ten (10) years of the commencement of the offenses for which the Defendant has pled guilty.  In fact, the "2001 and 2002 convictions" occurred within the charged time frame of the Defendant's current offenses that he is being sentenced for in this Court. Therefore, the Probation Office has properly calculated the Defendant's criminal history points in this case and the Defendant's objection should be denied.

## Conclusion

The Government respectfully submits that Defendant's Objections are without merit and should be denied as the PSR's total offense level is properly calculated at 43 with a criminal history category of VI, and the advisory Guidelines range for imprisonment properly recommends a term of 90 years (the statutory maximum term of imprisonment for each count in order to satisfy the recommendation of imprisonment for Life).

        Respectfully submitted,
        STEVEN J. GROCKI
        Chief, Child Exploitation and Obscenity
        Section

By: /s/
     RALPH A. PARADISO
     Trial Attorney

## CERTIFICATE OF SERVICE

    I hereby certify that on April 20, 2017, a true and correct copy of the foregoing Sentencing Objection was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Defendant's Defense Counsel of Record.

/s/
RALPH PARADISO
Trial Attorney